ELSIE EDNA WILHELM
*vs.*
FREDERICK J. WILHELM

Superior Court        Hartford County        File No. 71257

MEMORANDUM FILED APRIL 10, 1945.

*Thomas F. McDonough,* of Hartford, for the Plaintiff.

*William M. Harney,* of Hartford, for the Defendant.

INGLIS, J.   This is an action for divorce on the grounds of intolerable cruelty and habitual intemperance, in which the defendant has filed a crosscomplaint on the ground of adultery.

The parties were married on August 22, 1938, and lived together thereafter on a farm in Rockville, owned by the defendant and his brother, until early November, 1940.   During that period the defendant was guilty of conduct toward the plaintiff which constituted intolerable cruelty.   He also frequently indulged to excess in alcoholic liquor.   This indulgence, however, was not such as to cause any want to the family or suffering, except as it was reflected in the intolerable cruelty.   For that reason his habitual intemperance was not such as to provide a ground for divorce independently of the intolerable cruelty.   *Dennis vs. Dennis,* 68 Conn. 186, 192; *Purcell vs. Purcell,* 101 *id.* 422.

On November 5, 1940, the plaintiff left the defendant because of his cruelty and went to live with her sister and her family at Central Falls, R.I.   She stayed there until the following February, when, upon her instigation, a reconciliation with her husband was accomplished and she returned to live with him in Rockville.   At that time it was her intention to forgive the defendant for his former misconduct, and her resumption of marital relations with him constituted condonation.   *Delliber vs. Delliber,* 9 Conn. 233; *McCarthy vs. McCarthy,* 123 *id.* 409, 411; *Dion vs. Dion,* 128 *id.* 416, 418.

The parties continued to live together in Rockville from February, 1941, until October, 1941.   During that period the defendant, on occasion, drank to excess, but that caused no substantial want nor suffering to the plaintiff.   He did not exert any physical violence toward her.   There were frequent verbal arguments between them arising for the most part out of the plaintiff's indiscreet conduct with other men.   The fundamental trouble was that the plaintiff was not content with the rather secluded life on the farm but wanted some of the more sordid diversions to be found in drinking and associat-

ing with men who were also drinking. For this reason she left the defendant's home in October, 1941, went to Hartford to live, and took a job as waitress and "hostess" in a tavern on Front Street. There has been nothing in the defendant's conduct since the reconciliation in February, 1941, which would revive the cause of action for intolerable cruelty which existed prior to that time.

On or about June 25, 1942, the plaintiff visited the defendant at his home and spent the night with him. Upon her offer and suggestion they had sexual intercourse. In the light of all of the circumstances, it cannot be inferred from her conduct in this regard that she had any intention with regard to condonation. *Dion vs. Dion, supra.* But inasmuch as her cause of action had not been revived subsequent to the condonation of February, 1941, this is immaterial.

The occasion of June 25, 1942, was the last time that the parties had sexual intercourse. On January 29,. 1944, the plaintiff gave birth to a child at the Hartford Hospital. Ever since the separation of the parties in October, 1941, she had been consorting with other men, and of course the fact of the birth of a child to her more than a year and a half after the last time at which her husband had had access to her proves that she has been guilty of adultery.

There are some cases which hold that intolerable cruelty is not a good defense by way of recrimination to adultery. *Bancroft vs. Bancroft,* 27 Del. 9, 85 Atl. 561; *Stiles vs. Stiles,* 167 Ill. 576, 47 N.E. 867; *Zimmerman vs. Zimmerman,* 242 Ill. 552, 90 N.E. 192. By far the greater weight of authority is, however, to the contrary, and on the basis of the clean hands doctrine it is held that a party who is guilty of intolerable cruelty is thereby precluded from obtaining a divorce from his spouse who is guilty of adultery. 2 *Schouler, Marriage and Divorce* (6th ed. 1921) §§1721, 1724; 17 *Am. Jur., Divorce and Separation,* §238, p. 271; 27 *C.J.S., Divorce,* §67b(3), p. 626. Accordingly, in this case if the plaintiff had a cause of action for intolerable cruelty and the defendant had a cause of action for adultery, neither could obtain a divorce from the other.

The fact, however, that the plaintiff had condoned the intolerable cruelty before she committed adultery puts quite a different face on the matter. *Schouler, supra,* at section 1729,

says that "on principle....the party forgiven should stand as an innocent party in court, if constant to the condition of forgiveness, so that the condoning party could no more use the guilt for recrimination than upon an original suit for divorce." On this reasoning it is generally held that even though a plaintiff has been guilty of conduct which would entitle his spouse to a divorce, nevertheless if that conduct has been condoned, his conduct does not prevent him from obtaining a divorce from his spouse if he has a ground for such a divorce. 17 *Am. Jur., Divorce and Separation,* §240, p. 272; 27 *C.J.S., Divorce,* §67c, p. 628. Accordingly, in this case the defendant is entitled to a divorce on the ground of adultery.

Judgment may enter finding the issues for the defendant on both the complaint and the crosscomplaint and decreeing a divorce to the defendant on the ground of adultery.